STATE OF INDIANA )     IN THE HANCOCK COUNTY
)     CIRCUIT/~~SUPERIOR~~ COURT NO.
COUNTY OF HANCOCK )   CAUSE NO. 30C01-0863-PL-288

JANIS K. CALVERT
AND
DANIEL K CALVERT
PLAINTIFFS
   V.
PROFESSIONAL MOVERS
FREDRICK E. GEE, SR.
LOUISE J. GEE
FREDRICK E. GEE, JR. AND
PROFESSIONAL MOVERS & STORAGE, LLC

**FILED**
HANCOCK CIRCUIT COURT

MAR 2 6 2008

_Shari Burris_
CLERK

## COMPLAINT

COMES NOW, Plaintiffs JANIS K. CALVERT and DANIEL K CALVERT, and by counsel, Ben L. Spurlock, Jr., and for their Complaint against the above captioned Defendants, individually and jointly, allege and state the following:

### GENERAL ALLEGATIONS

1. Janis K. and Daniel K Calvert (Collectively referred to as "Calvert's") formally residing at 5 Natchez Cove, Clinton, Hinds County, Mississippi 39056, and currently residing at 7228 North 250 East, Greenfield, Indiana 46140.

2. The Defendants, Professional Movers, initially a family owned business, with its principal office located at 123 Third Street, Flora, Mississippi 39701, and to the best of our knowledge was owned by Fredrick E. Gee, Sr., Louise J Gee, and possibly Fredrick E. Gee, Jr. and later Professional Movers and Storage, LLC which was formed on or about January 2, 2006.

3. On or about the week of July 11, 2005, after selling their home in Clinton, Mississippi, Janis K. Calvert, after a meeting and discussing with Fredrick E. Gee, Jr., a family member with apparent authority for Professional Movers, an unincorporated family business, entered into an oral contract for packing their household goods, storing them with their furniture in a private, clean, climate controlled, individual storage unit, at $300.00 to $350.00 per month, and at a future unspecified date to transport and deliver these to their future residence in the state of Indiana, at a predetermined price of $5,400.00, and in the same condition as when



EXHIBIT A

they picked them up from Plaintiffs home. At the time the Defendants removed Plaintiff's furniture and household goods, they assumed the duties and responsibilities of a custodian.

4. On or about the 25th day of July, 2005, Fredrick E. Gee, Sr. accompanied by several men, arrived at Plaintiff's Clinton, Mississippi home to pack their household goods in preparation for storage by said Defendants. This process took approximately three (3) days. Defendants refused to take an inventory, provide a list of furniture and household goods and their condition. By not, of their own choosing, to take an inventory, inspect the furniture and specify as to the condition of same, they waived their right to make a claim of pre-existing damage or deny responsibility for the resulting damage thereto.

5. Janis Calvert gave a check in the amount of $3,918.00, dated July 29th, 2005, for packing and moving to storage plus one month of storage, containing a reference for $100,000.00 of household goods, packing, moving and storage. Said check was returned to Ben L. Spurlock, Jr. (father of Janis), in Indianapolis, Indiana, weeks later by Louise J. Gee who was demanding a new replacement check.

6. On or about the 29th day of June, 2007, Fredrick E. Gee, Jr., accompanied by another man, delivered the Calvert's household goods and furniture from storage in Mississippi to their present residence located at 7228 North 250 East, Greenfield, Hancock County, Indiana 46140. The Calvert's, at the time of delivery in Hancock County, Indiana, gave three cashiers checks, in the amounts of $700.00, $2,700.00, and $2,700.00, payable to Professional Movers, to Fredrick E. Gee, Jr. (Total $6,100.00), as demanded by Fredrick E. Gee, Jr. and Mrs. Louise J. Gee.

7. This case, in part, involves an interstate shipment of goods by Motor Carrier and therefore is governed by, in part, the Interstate Commerce Act, more particularly the Carmack Amendment, 49 U.S.C. @ 20(11) made applicable to common carriers by motor vehicle by U.S.C. @ 319. (See Designated Exhibit No. 1).

## COUNT I – BREACH OF CONTRACT

Plaintiffs, for their first claim against the Defendants, allege and state the following:

8. Plaintiffs hereby incorporate the material allegations or rhetorical paragraphs 1 through 7 herein as fully setforth hereunder.

9. Fredrick E. Gee, Jr. did not arrive at Plaintiff's home as promised to direct, instruct, and participate in the packaging their household goods for storage.

10. Plaintiff's household goods and furniture were not placed in a private, clean, climate controlled facility as promised.

11. Plaintiff's household goods and furniture were placed in a warehouse where the door was open most of the time, and at least one item was stored at the home of Fredrick E. Gee, Jr.

12. Plaintiff's household goods and furniture were not delivered to them in the same condition as when picked up for storage as promised, and some items were lost or misappropriated.

13. Defendant's breach of contract caused financial damages and injury to plaintiffs. As additional support for their claim Plaintiffs refer the court to the Designation of Evidence and Brief filed contemporaneously herewith. The Designation of Evidence and Brief are incorporated by this reference herein.

WHEREFORE, the Plaintiffs, Janis K. Calvert and Daniel K Calvert, by counsel, Ben L. Spurlock, pray for judgement against the Defendants, individually and jointly, for damages to their furniture and household goods, resulting from their Breach of Contract, in the amount of $10,459.00, and additionally for $8,050.00 of money paid them for a private, clean, climate controlled storage unit, which was not provided, and for costs, and for all other relief just and proper in the premises.

## COUNT II – NEGLIGENCE

Plaintiffs for their second claim against the Defendants allege and state the following:

14. Plaintiffs hereby incorporate the material allegations or rhetorical paragraphs 1 through 13 herein as fully setforth hereunder.

15. Defendant's picked up Plaintiff's furniture and household goods, put them in a truck, transported them to a storage facility to hold them until called for by the Plaintiff's, and then on a future date deliver them to Plaintiffs future residence in Indiana.

16. Defendant's, had a legal duty as custodian to handle Plaintiff's furniture and household goods with care as they put household items into boxes for storage and loaded these and the furniture onto trucks to take to a storage facility.

17. Defendant's also had a legal duty per the contract, and as a custodian, to store said furniture and household goods in a private, climate controlled facility whereby they would be maintained, at least in the same condition as when received for storage.

18. Defendant's additionally had a legal duty, as a custodian, to handle and store Plaintiff's furniture and household goods whereby they would not be scraped, or become soiled, filthy, damaged, dented, or warped. Anyone in the furniture moving and storage business should and would know that to prevent damage, it has to be under climate control, especially in Mississippi where the temperatures get very hot.

19. Defendant's same legal duty, as the custodian, continued, requiring them to properly load and cover furniture in the moving truck so that Plaintiff's furniture and household goods would not be damaged while in transit from Mississippi to Indiana.

20. Defendant's breached that duty in each and every case.

21. Defendant's breach of duty caused financial damages and injury to Plaintiffs.

22. As additional support, the Plaintiffs in their support of their claim of negligence refer the Court to their Designation of Evidence and Brief filed contemporaneously herewith. The Designation of Evidence and Brief are incorporated by this reference herein.

WHEREFORE, Plaintiffs, Janis K. Calvert and Daniel K. Calvert, by counsel, Ben L. Spurlock Jr., pray for judgement against the Defendants, individually and jointly, for damages to their personal property, resulting from their gross negligence in the amount of $10,459.00, additionally for $8,050.00 for failure to provide storage in a private, clean and climate controlled facility, and for costs, and all other relief just and proper in the premises.

### COUNT III – FRAUD

Plaintiff's in their third claim against the Defendants allege and state the following:

23. Plaintiffs hereby incorporate the material allegations of rhetorical paragraphs 1 through 22 herein as fully setforth hereunder.

24. Defendant Fredrick E. Gee, Jr., of Professional Movers, on or about the week of July 11, 2005, spent approximately 3 ½ hours at the Plaintiff's home located at 5 Natchez Cove,

4

Clinton, Hinds County, Mississippi 39056, evaluating the contents of the home so as to provide a quotation for the charge to pack Plaintiff's furniture and household goods, move same via trucks to storage, cost of monthly storage, and a future move of them to the state of Indiana.

25. Plaintiff, Janis K. Calvert, who had moved nine previous times, and had household contents in storage, emphatically told Mr. Fredrick E. Gee, Jr. that her furniture and household goods had to be placed in climate controlled storage.

26. Fredrick E. Gee, Jr. specifically told Mrs. Calvert that her furniture and household goods would be placed in a private, clean, climate controlled storage and would not be touched until she called requesting that same be delivered to Indiana. He assured her everything would be fine.

27. Mrs. Calvert, was impressed by Mr. Gee, his demeanor and dress, the fact that it was a family owned and operated business, relied on Mr. Gee's assurance that her furniture and household goods would be placed in private, clean, climate controlled storage, and agreed to have Professional Movers handle the packing, storage and moving.

28. The oral agreement was consummated. Mrs. Calvert had nice furniture, and under no circumstances would she have used Professional Movers without the assurance that her furniture would be placed in clean, climate controlled storage.

29. On the 29th day of June, 2007, as plaintiff's furniture was brought into their new residence in Greenfield, Indiana, it became apparent that their furniture and household goods had not been stored in a private, clean, climate controlled storage as they were dirty, contained spiders and cobwebs, and some furniture was warped and other damage was evident. A confession was made by the man with Mr. Gee that her furniture and household goods had been stored in a warehouse which had a door which was open most of the time. Mr. Gee, then laughed, and agreed that this was the case.

30. Fredrick E. Gee, Jr., in assuring Mrs. Calvert that her furniture and household goods would be stored in a clean, private, climate controlled facility, made a material misrepresentation of an existing fact with the knowledge or reckless ignorance of its falsity, which caused her to rely upon this misrepresentation to her detriment. Being a member of the family he knew that her furniture and household goods would not be stored in a clean, private, climate controlled facility.

31. Plaintiff's furniture, household goods and merchandise were damaged in the amount of $10,459.00, and Defendants took $8,050.00, money paid to the Defendants for clean, private, climate controlled storage which was not received. As additional support for their claim of Fraud, Plaintiff's refer the Court to the Designation of Evidence and Brief filed contemporaneously herewith. The Designation of Evidence and Brief incorporated by reference herein.

WHEREFORE, the Plaintiffs, Janis K. Calvert and Daniel K Calvert, by counsel, Ben L. Spurlock, Jr., pray for judgment against the Defendants, individually and jointly for triple damages for this commission of Fraud in the amount of $31,377.00 plus reasonable attorney fees, amounting to no less than 30% of damages awarded, and for costs, and for all other relief just and proper in the premises.

## COUNT IV – EMOTIONAL STRESS AND INJURY

Plaintiff's in their fourth claim against the Defendants allege and state the following:

32. Plaintiffs hereby incorporate the material allegations or rhetorical paragraphs 1 through 31 herein as fully setforth hereunder.

33. During the greater portions of a three-day period ending on or about the 28th day of July, 2005, Janis K. Calvert was alone when Fredrick E. Gee (Sr.) and several men were packing her household goods and moving them and her furniture into moving trucks.

34. Their failure to abide and perform according to the oral agreement made with Fredrick E. Gee (Jr.) and their indifference and failure to handle her things with even reasonable care caused extreme stress upon Mrs. Calvert.

35. Additional stress was placed upon her from their throwing items and their verbal language, especially from Fredrick E. Gee (Sr.) and one employee.

36. At one point, after being threatened, she felt that her physical safety was in jeopardy, at which time she ran from the home into the woods to get away and hide from them. At the time of delivery additional emotional stress was placed upon Mrs. Calvert upon seeing the condition and damage to her fine furniture and household goods, causing a detrimental effect on her existing medical condition. The action and words of Fredrick E. Gee, Sr. were intentional, extreme, outrageous, reckless and caused severe emotional distress to Plaintiff, Janis K. Calvert.

6

37. As additional support, the Plaintiff's refer the Court to their Brief in support of this claim and the Designation of Evidence and Brief filed contemporaneously herewith. The Designation of Evidence and Brief are incorporated by reference herein.

WHEREFORE, the Plaintiffs, Janis K. Calvert and Daniel K Calvert, by counsel, Ben L. Spurlock, Jr. pray for judgment against Defendants for their tortuous conduct in an amount to be determined by the trier of fact, and for costs, reasonable attorney fees, and all other relief just and proper in the premises.

## COUNT V – PUNITIVE DAMAGES

Plaintiff's for their fifth claim against the Defendant's allege and state the following:

38. Plaintiffs hereby incorporate the material allegations as rhetorical paragraphs 1 through 37 as fully setforth hereunder.

39. Defendants committed Fraud by intentionally misrepresenting that they would provide private, clean, climate controlled storage for Plaintiff's furniture and household goods, knowing at the time that it would not be provided, and Plaintiff's relied on misrepresentation to their detriment.

40. Defendants said that they did not do contracts, said they were not needed, assured Plaintiff's everything would be fine, and later intentionally breached their oral contract.

41. Defendants were grossly negligent in the handling, storage, and delivery of Plaintiff's furniture and household goods, creating damage to them.

42. Defendants failed to identify contents of boxes they packed, to provide a listing of what they were taking to storage, to make any statement on condition of Plaintiff's furniture, making it difficult for Plaintiff's to determine if all of their furniture and household goods were later delivered to their new residence in Indiana. Plaintiff's camera containing pictures on film of their furniture and interior of home disappeared almost immediately after Defendants arrival to do the packing.

43. Screaming and yelling and threatening statements and action by one of the Defendants, Fredrick E. Gee, Sr., and one other person, during packing process caused great emotional stress and concern by Mrs. Calvert for her safety.

7

44. Seeing the damaged and dirty condition of her fine furniture and household goods delivered to her new Greenfield, Indiana residence has caused additional an extreme emotional stress to Mrs. Calvert.

45. Defendants have intentionally acted with malice, fraud, gross negligence, and oppressiveness and were guilty of willful and wanton misconduct. Plaintiffs are entitled to receive punitive damages for Defendant's actions, and Defendants should be punished to discourage them, as well as others, from doing to them what they have done to the Plaintiffs. As additional support for Plaintiff's claim for Punitive Damages, they refer the Court to the Designation of Evidence and Brief filed contemporaneously herewith. The Designation of Evidence and Brief are incorporated by this reference therein.

WHEREFORE, the Plaintiffs, Janis K. Calvert and Daniel K Calvert, by counsel, Ben L. Spurlock, Jr., pray for Punitive Damages against the Defendants, individually and jointly, in an amount to be determined by the Triar of Fact, for reasonable attorney fees, and for all other relief and proper in the circumstances.

Respectfully Submitted,

Ben L. Spurlock, Jr.
Attorney at Law

Ben L. Spurlock, Jr.
7228 North 250 East
Greenfield, Indiana 46140
317-326-1961 Phone
317-326-1964 Fax
Attorney No. 10703-49

8