UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

JANIS K. CALVERT and
DANIEL K CALVERT
PLAINTIFFS
  V.
PROFESSIONAL MOVERS
FREDRICK E. GEE
LOUISE J. GEE and
PROFESSIONAL MOVERS & STORAGE, LLC
DEFENDANTS

## AMENDED COMPLAINT

    COMES NOW, Plaintiffs JANIS K. CALVERT and DANIEL K CALVERT, by counsel, Ben L. Spurlock, Jr., and for their Amended Complaint, originally filed in the Circuit Court of Hancock County, State of Indiana on March 28, 2008, under Cause No. 30C01-D80-3PL-288, against the above captioned Defendants, individually and jointly, allege and state the following:

GENERAL ALLEGATIONS

1. The Plaintiffs, Janis K. and Daniel K Calvert (Collectively referred to as "Calvert's") formally resided at 5 Natchez Cove, Clinton, Hinds County, Mississippi 39056, and currently reside at 7228 North 250 East, Greenfield, Indiana 46140.

2. The Defendants, Professional Movers, initially a family owned business, with its principal office located at 123 Third Street, Flora, Mississippi 39701, and to the best of our knowledge was owned by Fredrick E. Gee and Louise J. Gee. In essence, at that time, they were operating like a partnership. Professional Movers and Storage, LLC was later formed on or about January 2, 2006.

3. On or about the week of July 11, 2005, after selling their home in Clinton, Mississippi, Janis K. Calvert, after a meeting and discussing with Fredrick A. Gee, a family member with apparent authority for Professional Movers, an unincorporated family business, entered into an oral contract for packing their household goods, storing them with their furniture in a private, clean, climate controlled, individual storage unit, at $300.00 to $350.00 per month,

and at a future unspecified date to transport and deliver these to their future residence in the state of Indiana, at a predetermined price of $5,400.00. At the time the Defendants removed Plaintiff's furniture and household goods, they assumed the duties and responsibilities of a custodian.

4. On or about the 25th day of July, 2005, Fredrick E. Gee accompanied by several men, arrived at Plaintiff's Clinton, Mississippi home to begin packing their household goods in preparation for storage by said Defendants. This process took approximately three (3) days. Defendants refused to take an inventory, provide a list of furniture and household goods and their condition. By not, of their own choosing, to take an inventory, inspect the furniture and specify as to the condition of same, they waived their right to make a claim of pre-existing damage or deny responsibility for the resulting damage thereto.

5. Janis Calvert gave a check in the amount of $3,918.00, dated July 29th, 2005, for packing and moving to storage plus one month of storage, containing a reference for $100,000.00 of household goods, packing, moving and storage. Said check was returned to Ben L. Spurlock, Jr. (father of Janis), in Indianapolis, Indiana, weeks later by Louise J. Gee who was demanding a new replacement check.

6. On or about the 29th day of June, 2007, Fredrick A. Gee, accompanied by another man, delivered the Calvert's household goods and furniture from storage in Mississippi to their present residence located at 7228 North 250 East, Greenfield, Hancock County, Indiana 46140. The Calvert's, at the time of delivery in Hancock County, Indiana, gave three cashiers checks, in the amounts of $700.00, $2,700.00, and $2,700.00, payable to Professional Movers, to Fredrick A. Gee (Total $6,100.00), as demanded by Fredrick A. Gee and Mrs. Louise J. Gee.

7. The Defendants voluntarily came to Indiana to transact business, as shown above, the damaged furniture and household goods and Plaintiff's reside in Indiana, and jurisdiction for this special case should be in the state of Indiana.

## COUNT I – BREACH OF CONTRACT

Plaintiffs, for their first claim against the Defendants, allege and state the following:

8. Plaintiffs hereby incorporate the material allegations or rhetorical paragraphs 1 through 7 herein as fully setforth hereunder.

9. Fredrick A. Gee did not arrive at Plaintiff's home as promised by Louise J. Gee to direct, instruct, and participate in the packaging their household goods for storage.
10. Plaintiff's household goods and furniture were not placed in a private, clean, climate controlled facility as promised.
11. Plaintiff's household goods and furniture were placed in a warehouse where the door was open most of the time, and at least one item was stored at the home of Fredrick A. Gee
12. Plaintiff's household goods and furniture were not delivered to them in the same condition as when picked up for storage, and some items were lost or misappropriated.
13. Defendant's breach of contract caused financial damages and injury to plaintiffs. As additional support for their claim Plaintiffs refer the court to the Designation of Evidence and Brief filed contemporaneously herewith. The Designation of Evidence and Brief are incorporated by this reference herein.

   WHEREFORE, the Plaintiffs, Janis K. Calvert and Daniel K Calvert, by counsel, Ben L. Spurlock, pray for judgement against the Defendants, individually and jointly, for damages to their furniture and household goods, resulting from their Breach of Contract, in the amount of $10,459.00, return of $8,050.00 of money paid them for a private, clean, climate controlled storage unit, which was not provided, and for costs, and for all other relief just and proper in the premises.

## COUNT II – GROSS NEGLIGENCE

Plaintiffs for their second claim against the Defendants allege and state the following:

14. Plaintiffs hereby incorporate the material allegations or rhetorical paragraphs 1 through 13 herein as fully setforth hereunder.
15. Defendant's picked up Plaintiff's furniture and household goods, put them in a truck, transported them to a storage facility to hold them until called for by the Plaintiff's, and then on a future date deliver them to Plaintiffs future residence in Indiana.

16. Defendant's, had a legal duty as custodian to handle Plaintiff's furniture and household goods with care as they put household items into boxes for storage and loaded these and the furniture onto trucks to take to a storage facility.

17. Defendant's also had a legal duty per the contract, and as a custodian, to store said furniture and household goods in a private, climate controlled facility whereby they would be maintained, at least in the same condition as when received for storage.

18. Defendant's additionally had a legal duty, as a custodian, to handle and store Plaintiff's furniture and household goods whereby they would not be scraped, or become soiled, filthy, damaged, dented, or warped. Anyone in the furniture moving and storage business should and would know that to prevent damage, it has to be under climate control, especially in Mississippi where the temperatures get very hot.

19. Defendant's same legal duty, as the custodian, continued, requiring them to properly load and cover furniture in the moving truck so that Plaintiff's furniture and household goods would not be damaged while in transit from Mississippi to Indiana.

20. Defendant's breached that duty in each and every case.

21. Defendant's breach of duty caused financial damages and injury to Plaintiffs.

22. As additional support, the Plaintiffs in their support of their claim of negligence refer the Court to their Designation of Evidence and Brief filed contemporaneously herewith. The Designation of Evidence and Brief are incorporated by this reference herein.

WHEREFORE, Plaintiffs, Janis K. Calvert and Daniel K Calvert, by counsel, Ben L. Spurlock Jr., in the alternative pray for judgement against the Defendants, individually and jointly, for damages to their personal property, resulting from their gross negligence in the amount of $10,459.00, additionally for $8,050.00 for failure to provide storage in a private, clean and climate controlled facility, and for costs, and all other relief just and proper in the premises.

## COUNT III – EMOTIONAL STRESS AND INJURY

Plaintiff's in their fourth claim against the Defendants allege and state the following:

23. Plaintiffs hereby incorporate the material allegations or rhetorical paragraphs 1 through 22 herein as fully setforth hereunder.

24. During the greater portions of a three-day period ending on or about the 28th day of July, 2005, Janis K. Calvert was alone when Fredrick E. Gee and several men were packing her household goods and moving them and her furniture into moving trucks.

25. Their failure to abide and perform according to the oral agreement made with Fredrick A. Gee and their indifference and failure to handle her things with even reasonable care caused extreme stress upon Mrs. Calvert.

26. Additional stress was placed upon her from their throwing items and their verbal language, especially from Fredrick E. Gee and one employee.

27. At one point, after being threatened, she felt that her physical safety was in jeopardy, at which time she ran from the home into the woods to get away and hide from them. At the time of delivery additional emotional stress was placed upon Mrs. Calvert upon seeing the condition and damage to her fine furniture and household goods, causing a detrimental effect on her existing medical condition. The action and words of Fredrick E. Gee were intentional, extreme, outrageous, reckless and caused severe emotional distress to Plaintiff, Janis K. Calvert.

28. As additional support, the Plaintiff's refer the Court to their Brief in support of this claim and the Designation of Evidence and Brief filed contemporaneously herewith. The Designation of Evidence and Brief are incorporated by reference herein.

WHEREFORE, the Plaintiffs, Janis K. Calvert and Daniel K Calvert, by counsel, Ben L. Spurlock, Jr. pray for judgment against Defendants for their tortuous conduct in an amount to be determined by the triar of fact, and for costs, reasonable attorney fees, and all other relief just and proper in the premises.

## COUNT IV – PUNITIVE DAMAGES

Plaintiff's for their fifth claim against the Defendant's allege and state the following:

29. Plaintiffs hereby incorporate the material allegations as rhetorical paragraphs 1 through 28 as fully setforth hereunder.

30. Defendants said that they did not do contracts, said they were not needed, assured Plaintiff's everything would be fine, and later intentionally breached their oral contract.

31. The condition of plaintiffs furniture and household goods when delivered by the Defendants to their residence in Greenfield, Indiana was ample proof to them that they had not been stored in private, clean, climate controlled storage.

32. Defendants were grossly negligent in the handling, storage, and delivery of Plaintiff's furniture and household goods, creating damage to them.

33. Defendants failed to identify contents of boxes they packed, to provide a listing of what they were taking to storage, to make any statement on condition of Plaintiff's furniture, making it difficult for Plaintiff's to determine if all of their furniture and household goods were later delivered to their new residence in Indiana. Plaintiff's camera containing pictures on film of

    their furniture and interior of home disappeared almost immediately after Defendants arrival to do the packing.

34. Screaming and yelling and threatening statements and action by one of the Defendants, Fredrick E. Gee, and one other person, during packing process caused great emotional stress and concern by Mrs. Calvert for her safety.

35. Seeing the damaged and dirty condition of her fine furniture and household goods delivered to her new Greenfield, Indiana residence has caused additional an extreme emotional stress to Mrs. Calvert.

36. Defendants have intentionally acted with malice, fraud, gross negligence, and oppressiveness and were guilty of willful and wanton misconduct. Plaintiffs are entitled to receive punitive damages for Defendant's actions, and Defendants should be punished to discourage them, as well as others, from doing to them what they have done to the Plaintiffs. As additional support for Plaintiff's claim for Punitive Damages, they refer the Court to the Designation of Evidence and Brief filed contemporaneously herewith. The Designation of Evidence and Brief are incorporated by this reference therein.

    WHEREFORE, the Plaintiffs, Janis K. Calvert and Daniel K Calvert, by counsel, Ben L. Spurlock, Jr., in the alternative to Emotional Distress pray for Punitive Damages against the Defendants, individually and jointly, in an amount to be determined by the Triar of Fact, for reasonable attorney fees, and for all other relief and proper in the circumstances.

                                      Respectively Submitted,

                                        Ben L. Spurlock, Jr.
                                        Attorney at Law

CERTIFICATE OF SERVICE

    I hereby certify that on the 8th day of May 2008, a copy of the foregoing has been filed electronically and /or U.S. First Class mail. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. A copy of this Motion for Enlargement of Time has also been mailed by U.S. First Class mail to:

Thomas W. Kramer
Threlkeld ❖ Reynolds, LLP
Attorneys at Law
Century Building, Suite 600
36 South Pennsylvania Street
Indianapolis, Indiana 46204

Hancock Circuit Court
201 East Main Street
Greenfield, Indiana 46140
Cause No. 30C01-0803-PL-208

                                                                                                                         _____
                                                                                                                      Ben L. Spurlock, Jr.

Ben L. Spurlock, Jr.
7228 North 250 East
Greenfield, Indiana 46140
317-326-1961 Phone
317-326-1964 Fax
Attorney No. 10703-49